**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **GEORGE PASSANTINO,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-00724-BCW |
| | ) | |
| **LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**THE LINCOLN NATIONAL LIFE INSURANCE**
**<u>COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this, its Answer to Plaintiff's Complaint (the "Complaint") [Dkt. 1] filed by Plaintiff, George Passantino ("Plaintiff"), and states as follows:

**<u>THE PARTIES</u>**

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that it is a lawfully incorporated insurance company that lawfully conducts business in the State of Missouri. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

**<u>JURISDICTION AND VENUE</u>**

3. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA").

Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that it issued a Group Long-Term Disability Income Policy (the "LTD Policy") and a Group Weekly Disability Income Policy (the "STD Policy") to National Beef Packing Company LLC ("National Beef"), which Policies, at certain times, insured disability benefits from the National Beef Packing Company LLC Long Term Disability Plan (the "LTD Plan") and the National Beef Packing Company LLC Short Term Disability Plan (the "STD Plan") sponsored by National Beef to provide long term disability and short term disability benefits to certain of its employees. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that venue is proper in this District and Division. Lincoln denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that venue is proper in this District and Division. Lincoln denies the remaining allegations contained in Paragraph 7 of the Complaint.

INFORMATION REGARDING TRIAL

8. Lincoln admits the allegations contained in Paragraph 8 of the Complaint.

STATEMENT OF FACTS

9. Lincoln admits Plaintiff was, at certain times, employed by National Beef as a Fulfillment Lead. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that certain documents concerning Plaintiff's job at National Beef and his own occupation are contained in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that certain documents concerning Plaintiff's job at National Beef and his own occupation are contained in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's occupation are contained in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits Plaintiff's last day of work at National Beef was on August 14, 2020. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that certain documents concerning Plaintiff's date of birth are

contained in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that National Beef sponsored the LTD Plan to provide disability benefits to certain of its employees. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that National Beef sponsored the STD Plan to provide disability benefits to certain of its employees. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits the allegations contained in Paragraph 19 of the Complaint.

20. To the extent that the allegations contained in Paragraph 20 seek to interpret the provisions of the relevant policies, Lincoln refers to the policies themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that Plaintiff was, at certain times, employed by National Beef and a participant in the STD Plan and the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the STD Plan and the LTD Plan under their respective Policies, but Lincoln specifically denies that it was the Plan administrator of the STD Plan or the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the LTD Policy and was delegated certain authority with regard to such claims by National Beef as described in the LTD Policy. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the STD Plan under the STD Policy and was delegated certain authority with regard to such claims by National Beef as described in the STD Policy. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits that it issued the STD Policy and the LTD Policy to National Beef, which, at certain times, insured benefits from the STD Plan and the LTD Plan. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan and the STD Plan under their respective Policies. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits Plaintiff's last day of work at National Beef was on August 14, 2020. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that plaintiff submitted a claim for benefits from the STD Plan under the STD Policy. Lincoln admits it sent a letter to Plaintiff dated June 4, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their

respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. To the extent that the allegations contained in Paragraph 29 seek to interpret the provisions of the relevant policies, Lincoln refers to the policies themselves as the best evidence of their contents. Lincoln admits that the Policies include language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the STD Plan and LTD Plan under their respective Policies, but Lincoln refers to the Policies themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that the Policies include language pertaining to the definitions of "Main Duties" or "Material and Substantial Duties" as applicable to a participant's claim for benefits from the STD Plan and the LTD Plan under their respective Policies, but Lincoln refers to the Policies Themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits it received a letter from Plaintiff's counsel on February 5, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits it sent a letter to Plaintiff dated December 7, 2020, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits that, on or about February 23, 2021, it transmitted the entire

claim file to Plaintiff's counsel, which transmission included all of the pages contained in the claim file as it existed at that time. Lincoln denies all remaining the allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits that plaintiff submitted a claim for benefits from the LTD Plan under the LTD Policy. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits it sent a letter to Plaintiff's counsel dated May 3, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits it sent a letter to Plaintiff's counsel dated May 3, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews and/or medical reviews are contained in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits it sent a letter to Plaintiff's counsel dated May 3, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's job at National Beef and his own occupation are contained in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln

denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits that certain documents concerning Plaintiff's job at National Beef and his own occupation are contained in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln admits it received a letter from Plaintiff's counsel dated May 10, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits that, on or about May 12, 2021, it transmitted the entire claim file to Plaintiff's counsel, which transmission included all of the pages contained in the claim file as it existed at that time. Lincoln denies all remaining the allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits that certain documents concerning Plaintiff's job at National Beef and his own occupation are contained in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits that certain documents concerning Plaintiff's job at National Beef and his own occupation are contained in the administrative record upon which

Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits various correspondence and claim notes reflecting email and telephone communications between Lincoln and Plaintiff's counsel are contained in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln admits it sent an email to Plaintiff's counsel dated June 3, 2021, but Lincoln refers to the email itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln admits it sent a letter to Plaintiff's counsel dated December 15, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln admits it received a letter from Plaintiff's counsel dated October 16,

2021, appealing the denial of Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies, along with additional documentation, which are contained in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln admits it received a letter from Plaintiff's counsel dated October 16, 2021, appealing the denial of Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies, along with additional documentation, which are contained in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Lincoln admits it received a letter from Plaintiff's counsel dated October 16, 2021, appealing the denial of Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies, along with additional documentation, which are contained in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln admits it received a letter from Plaintiff's counsel dated October 16, 2021, appealing the denial of Plaintiff's claims for benefits from the STD Plan and the LTD

Plan under their respective Policies, along with additional documentation, which are contained in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Lincoln admits it sent a letter to Plaintiff dated October 25, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Lincoln admits only that its decisions on Plaintiff's claims for STD benefits and LTD benefits were based on the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln and that such decisions are governed by the terms of the Policies. Lincoln denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations

contained in Paragraph 54 of the Complaint.

55. Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. Lincoln admits it sent a letter to Plaintiff dated December 15, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Lincoln admits it sent a letter to Plaintiff dated December 15, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Lincoln admits it sent a letter to Plaintiff dated December 15, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Lincoln admits it received a letter from Plaintiff's counsel dated December 27, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. Lincoln admits that, on or about January 11, 2022, it transmitted the entire claim file to Plaintiff's counsel, which transmission included all of the pages contained in the claim file as it existed at that time. Lincoln denies all remaining the allegations contained in Paragraph 60 of the Complaint.

61. Lincoln admits it received a letter from Plaintiff's counsel on June 13, 2022, that was apparently misdated as June 13, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. Lincoln admits it sent a letter to Plaintiff's counsel dated June 21, 2022, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 62 of the Complaint.

63. Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 63 of the Complaint.

64. Lincoln admits that certain documents concerning Plaintiff's job at National Beef and his own occupation are contained in the administrative record upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 64 of the Complaint.

65. Lincoln admits it sent a letter to Plaintiff's counsel dated July 19, 2022, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 65 of the Complaint.

66. Lincoln admits it sent a letter to Plaintiff's counsel dated July 19, 2022, but

Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 66 of the Complaint.

67. Lincoln admits the allegations contained in Paragraph 67 of the Complaint.

68. To the extent the allegations in Paragraph 68 contain legal conclusions, Lincoln is not required to respond. To the extent that the allegations contained in Paragraph 68 seek to interpret the provisions of the relevant policies, Lincoln refers to the policies themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 68 of the Complaint.

69. Lincoln denies the allegations contained in Paragraph 69 of the Complaint.

70. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claims and administrative appeals prerequisite to bringing a claim for recovery of benefits from the STD Plan and the LTD Plan under their respective Policies under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claims or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 70 of the Complaint.

## CAUSES OF ACTON

### COUNT I
### 29 U.S.C. § 1132(a)(1)(B) - WRONGFUL DENIAL OF BENEFITS

71. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 70 of the Complaint as though fully set forth in response to Paragraph

71 of the Complaint.

72. Lincoln denies the allegations contained in Paragraph 72 of the Complaint.

73. Lincoln denies the allegations contained in Paragraph 73 of the Complaint.

74. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the STD Plan and the LTD Plan under their respective Policies, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 74 of the Complaint.

75. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the STD Plan and the LTD Plan under their respective Policies, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 75 of the Complaint.

76. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the STD Plan and the LTD Plan under their respective Policies, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 76 of the Complaint.

**COUNT II**
**29 U.S.C. § 1132(a)(3) - BREACH OF FIDUCIARY DUTY**

77. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 76 of the Complaint as though fully set forth in response to Paragraph 77 of the Complaint.

78. To the extent the allegations in Paragraph 78 contain legal conclusions, Lincoln is not required to respond.

79. To the extent the allegations in Paragraph 79 contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies the allegations contained in Paragraph 79 of the Complaint.

80. To the extent the allegations in Paragraph 80 contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies the allegations contained in Paragraph 80 of the Complaint.

81. Lincoln admits that Plaintiff was, at certain times, employed by National Beef and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 81 of the Complaint.

82. Lincoln denies the allegations contained in Paragraph 82 of the Complaint.

83. Lincoln admits that it issued the STD Policy and the LTD Policy to National Beef, which, at certain times, insured benefits from the STD Plan and the LTD Plan sponsored by National Beef to provide benefits to certain of its employees. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the STD Plan and the LTD Plan under their respective Policies. Lincoln denies all remaining allegations contained in Paragraph 83 of the Complaint.

84. To the extent that the allegations contained in Paragraph 84 constitute legal conclusions, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 84 of the Complaint.

85. Lincoln denies the allegations contained in Paragraph 85 of the Complaint.

86. Lincoln denies the allegations contained in Paragraph 86 of the Complaint.

87. Lincoln denies the allegations contained in Paragraph 87 of the Complaint.

88. Lincoln denies the allegations contained in Paragraph 88 of the Complaint.

89. Lincoln denies the allegations contained in Paragraph 89 of the Complaint.

90. Lincoln denies the allegations contained in Paragraph 90 of the Complaint.

91. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the STD Plan and the LTD Plan under their respective Policies, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 91 of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claims for benefits from the STD Plan and the LTD Plan under their respective Policies was an abuse of discretion because the Policies contains sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policies and the documents governing the STD Plan and the LTD Plan, which requires offset and/or repayment of income earned by Plaintiff or any award of

other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Plaintiff's claim for breach of fiduciary duty and claim under Section 502(a)(3) of ERISA against Lincoln fail as a matter of law due to the availability of a claim for recovery of benefits under Section 502(a)(1)(B) of ERISA.

7. The damages, if any, claimed by Plaintiff are limited to those available under ERISA, which precludes recovery of compensatory, punitive, or damages other than recovery of benefits allegedly owed to Plaintiff.

8. Lincoln reserves the right to assert additional defenses.

**PRAYER**

WHEREFORE, having fully answered Plaintiff's Complaint, Lincoln moves this Court to dismiss Plaintiff's Complaint with prejudice, award its costs and fees expended herein and for such other and further relief as the Court deems proper.

Respectfully submitted,

By: *_/s/ Dan S. Folluo_*

Dan S. Folluo, MOBAR #66582
dfolluo@rhodesokla.com
RHODES HIERONYMUS JONES TUCKER & GABLE
P.O. Box 21100
Tulsa, Oklahoma 74121
(918) 582-1173
(918) 592-3390 (facsimile)

ATTORNEYS FOR DEFENDANT

**CERTFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 19th day of December 2022 to be served by operation of the Court's electronic filing system upon the following:

Paul J. Taylor
ptaylor@burnettdriskill.com

Derrick A. Pearce
dpearce@burnettdriskill.com

Kyle H. Sciolaro
ksciolaro@burnettdriskill.com

*Attorneys for Plaintiff*

*/s/ Dan S. Folluo*
Dan S. Folluo